# CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement (the "Agreement") is entered into by and between USIC LLC and Reconn Holdings LLC (collectively the "Company") and Christian Stearns ("Mr. Stearns").  The Company and Mr. Stearns are referred to herein individually as a "Party" and collectively as the "Parties".

WHEREAS, on March 22, 2023, Mr. Stearns filed a lawsuit *Christian Stearns v. National Grid Electric Services LLC, USIC LLC and Reconn Holdings LLC*, Case No. 1:23-cv-00276 in the United States District Court for the Northern District of New York (the "Lawsuit") alleging violation of the Fair Labor Standards Act, New York Labor Law and breach of contract against National Grid Electric Services LLC, USIC LLC and Reconn Holdings LLC (collectively the "Defendants");

WHEREAS, the Defendants deny liability and any wrongdoing and have raised various defenses to these claims;

WHEREAS, the Parties desire to conclusively resolve any disputes between them and avoid further litigation regarding the allegations brought in the Lawsuit; and

WHEREAS, each Party acknowledges and agrees that he or it has had the opportunity to consult with counsel concerning this Agreement.

NOW, THEREFORE, in consideration of the promises and benefits set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Mr. Stearns and the Company, the Parties agree as follows:

      **1.**    **Dismissal of Litigation.**  Upon the full execution of this Agreement, the Parties agree to file a Motion for Court Approval of this Settlement Agreement and dismissal with prejudice of the Litigation against all Defendants.  The Parties acknowledge and agree that such dismissal will cause this Litigation to be dismissed in its entirety with prejudice without costs to Defendants.

      **2.**    **Settlement Terms.**  In full settlement of the Litigation and all asserted claims against the Defendants or any of the Released Parties (as defined below), including claims for attorneys' fees, and in consideration of the execution by Mr. Stearns of this Agreement and the promises made herein, Reconn Holdings LLC hereby agrees to pay the total amount of $20,000.00 (the "Settlement Sum") payable as follows:

          (a)    One payment to Christian Stearns the total sum of $5,818.04, less taxes and payroll withholdings, in order to avoid the inconvenience of further controversy and for no other reason. Reconn Holdings LLC will issue a W-2 in this amount to Mr. Stearns.

          (b)    One payment to Christian Stearns the total sum of $5,818.05 in order to avoid the inconvenience of further controversy and for no other reason. Reconn Holdings LLC will issue a 1099 in this amount to Mr. Stearns.

          (c)    One payment to the Law Office of Christopher Q. Davis, PLLC, the total sum of $8,363.91 for payment of attorneys' fees.  Reconn Holdings LLC will issue a Form 1099-MISC to Law Office of Christopher Q. Davis, PLLC in this amount.  The Law

Office of Christopher Q. Davis, PLLC and Mr. Stearns will provide Reconn Holdings LLC a Form W-9 within three (3) business days of the Effective Date.

The checks described in (a) and (b) of this paragraph will be delivered to Mr. Stearns' counsel within thirty (30) days of the Effective Date.  Mr. Stearns' counsel may not distribute the above referenced funds until following the Court's entry of its Order approving this Agreement and dismissal of the Litigation.   The Company will pay the Settlement Sum notwithstanding the fact that, in the absence of this Agreement, Mr. Stearns would not be entitled to it.

**3.     Release of Claims and Covenant Not to Sue**.

(a)     In exchange for the consideration received by Mr. Stearns herein, which such consideration Mr. Stearns was not entitled to but for Mr. Stearns' entry into this Agreement, Mr. Stearns on behalf of himself and his heirs and assigns, hereby releases, discharges and forever acquits Defendants, their respective direct and indirect parent, affiliates and subsidiaries, and each of their respective past, present and future shareholders, partners (including but not limited to general partners and limited partners), directors, trustees, officers, managers, employees, agents, attorneys, heirs, legal representatives, insurers, benefit plans (and their fiduciaries, administrators and trustees), successors and assigns of the foregoing, in their personal and representative capacities (collectively, the "<u>Released Parties</u>"), from liability for, covenants not to sue or initiate any action, and hereby waives, any and all claims, damages, or causes of action of any kind related to Mr. Stearns' employment with any Defendant, the termination of such employment, the allegations in the Litigation, and any other acts or omissions related to any matter occurring on or prior to the Execution Date, including without limitation any alleged violation of:  (i) the Age Discrimination in Employment Act of 1967, as amended; (ii) Title VII of the Civil Rights Act of 1964, as amended; (iii) the Civil Rights Act of 1991, as amended; (iv) Sections 1981 through 1988 of Title 42 of the United States Code, as amended; (v) the Employee Retirement Income Security Act of 1974, as amended; (vi) the Immigration Reform Control Act, as amended; (vii) the Americans with Disabilities Act of 1990, as amended; (viii) the National Labor Relations Act, as amended; (ix) the Occupational Safety and Health Act, as amended; (x) the Equal Pay Act; (xi) the Family Medical Leave Act; (xii) the Fair Credit Reporting Act; (xiii) Section 503 of the Rehabilitation Act of 1973; (xiv) the Fair Labor Standards Act; (xv) the New York Labor Law; (xvi) the New York Minimum Wage Act; (xvii) any state or federal, state or local anti-discrimination law, (xviii) any state or federal, state or local wage and hour, overage or payment law; (xix) any other local, state or federal law, regulation or ordinance in the United States of America and in any jurisdiction anywhere in the world; (xx) any public policy, contract, tort, or common law claim; (xxi) any allegation for costs, fees, or other expenses including attorneys' fees incurred in the matters referenced herein; and (xxii) any and all claims Mr. Stearns may have arising as the result of any alleged breach of contract, prevailing wage, compensation, incentive, bonus or commission plan or agreement with any Defendant (collectively, the "<u>Released Claims</u>").

(b)     This Agreement and this release set forth in this Section 3 does not extend to any workers' compensation claims; however, Mr. Stearns acknowledges he is not aware of any work-related injuries or illnesses sustained in the course of his

employment with the Company and has not filed any workers' compensation claims.

(c) Mr. Stearns agrees that the release set forth in this Section 3 shall be and remain in effect in all respects as a complete general release as to the matters released. This release does not extend to any obligations incurred under this Agreement. Mr. Stearns understands that nothing in this Agreement precludes Mr. Stearns from participating in any investigation, hearing, or proceeding of a governmental agency. However, Mr. Stearns does forever waive his right to recover or receive any personal relief, monetary damages, attorneys' fees, back pay, reinstatement or injunctive relief from Defendants and/or Released Parties relating to any matter whatsoever up to the date of this Agreement. Notwithstanding the foregoing, nothing in this Agreement (i) prohibits, limits or restricts, or shall be construed to prohibit, limit or restrict, Mr. Stearns from exercising any legally protected whistleblower rights (including pursuant to Section 21F of the Exchange Act and the rules and regulations thereunder), without notice to or consent from Defendants, or (ii) to the extent required by law, prohibits or shall be construed to prohibit Mr. Stearns from receiving a reward from the Securities and Exchange Commission ("SEC") or other applicable government agency pursuant to Section 21F of the Exchange Act or other applicable whistleblower or other law or regulation in connection therewith. Mr. Stearns further understands that this release does not extend to: (i) any rights or claims that arise after the Execution Date; or (ii) any rights that cannot be waived by operation of law.

(d) Mr. Stearns hereby represents and warrants that he has not filed or reported any claims or complaints in any forum, except for the Litigation, and that he has not assigned to any third party or filed with any agency or court any claim released by this paragraph 3.

4. **Non-Disclosure.** Mr. Stearns represents that he has kept the terms of the negotiation of this Agreement completely confidential and has not disclosed any information concerning the negotiations of this Agreement to anyone other than Mr. Stearns' attorney, tax advisor, and/or spouse on the condition that each such individual will maintain the confidentiality. Mr. Stearns agrees to keep the terms of this Agreement completely confidential and not to disclose any information concerning the Agreement to anyone other than Mr. Stearns' attorney, tax advisor and/or spouse, on the condition that each such individual will maintain the confidentiality of the Agreement. The Parties acknowledge their intention that the provisions of this Section 4 create no liability for disclosures made: (i) to initiate, testify, assist, comply with a subpoena from, or participate in any manner with, an investigation conducted by the appropriate local, state or federal agency; (ii) to comply with any inquiry or disclosure requirements of the SEC; or (iii) as otherwise compelled by operation of law, including pursuant to any civil subpoena or order of a court of competent jurisdiction.

5. **Non-Admission**. The Parties understand and agree that neither the payment of monies to Mr. Stearns nor the agreement to, and carrying out, of any of the terms of this Agreement shall constitute an admission of any violation of any law or breach of any duty by Defendants or the Released Parties, nor does it constitute an admission of any allegation of wrongdoing or illegal conduct on the part of Defendants or the Released Parties.

6. **Assignment and Assumption.** This Agreement shall be binding upon and inure to the benefit of the Company and any successor or assigns. This Agreement shall also be

binding and inure to the benefit of Mr. Stearns and his heirs.  This Agreement is not assignable by Mr. Stearns.  The Company may unilaterally assign its rights and obligations under this Agreement to any successor to Company's rights and obligations hereunder as a result of any change in control, merger, consolidation, restructuring or reorganization or to any other successor to all or substantially all of the securities, business and/or assets of the Company or any of its affiliates, and Mr. Stearns shall continue to be bound by the terms and conditions of this Agreement.

**7.     Amendment; Entire Agreement.**  This Agreement may not be changed orally but only by an agreement in writing agreed to and signed by Mr. Stearns and the Company. This Agreement contains the entire agreement of both parties about the subjects in it, and it replaces all prior or contemporaneous oral or written agreements, understandings, statements, representations, and promises by either party.  It may be modified or amended only by a writing signed by both parties. Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement.

**8.     Applicable Law.**  To the extent permitted by federal law, this Agreement will be governed by and construed in accordance with the laws of the State of New York, without regard to conflicts of the law principles. The spirit and intent of this Agreement is to terminate with finality any and all issues or claims existing between the Company and Mr. Stearns on the date hereof, whether known or unknown, and this Agreement will be interpreted in accordance with such spirit and intent.

**9.     Severability.**  To the extent permitted by applicable law, the Parties agree that any term or provision of this Agreement that renders such term or provision or any other term or provision hereof invalid or unenforceable in any respect shall be modified to the extent necessary to avoid rendering such term or provision invalid or unenforceable, and such modification shall be accomplished in the manner that most nearly preserves the benefit of the Parties' bargain hereunder.

**10.    Third-Party Beneficiaries.**  This Agreement shall inure to the benefit of the Company and each other Company Party, as each other Company Party shall be a third-party beneficiary of this Agreement.

**11.    Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same Agreement.

**Mr. Stearns represents and agrees that he has fully read and understands the meaning of this Agreement and is voluntarily entering into this Agreement with the intention of giving up all claims against the Company and Company Parties.**

Executed on this 1st day of September, 2023 ("Effective Date").

Date: 9/6/2023

USIC LLC
By: *[signature: Brooke J. Egan]*
Name: Brooke J. Egan
Title: General Counsel

Date: 9/6/2023

RECONN HOLDINGS LLC
By: *[signature: Brooke J. Egan]*
Name: Brooke J. Egan
Title: General Counsel

Date:

Christian Stearns

1097042518\3\AMERICAS

Name: _____

Title: _____

RECONN HOLDINGS LLC

Date: _____  By: _____

Name: _____

Title: _____

Date: 09 / 05 / 2023

*[signature]*

Christian Stearns

IT IS SO ORDERED:

*[signature]*

Glenn T. Suddaby
U.S. District Judge

Dated: November 13, 2023
Syracuse, NY

1097042518\3\AMERICAS

Doc ID: 296bda9317f3b46d5c1ebd826d4750687a31919c

# Exhibit 2
# Costs

# Activities Export

09/29/2023
7:47 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 07/28/2023 | | Westlaw 4/19<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Karissa Jodhan | 1.00 | $491.00 | - | $491.00 |
| 06/23/2023 | | DLS Invoice #416300<br>Paid via cc<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Karissa Jodhan | 1.00 | $185.18 | - | $185.18 |
| 05/22/2023 | | DLS Invoice #415567<br>KJ Paid via cc on 5/22/2023<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Karissa Jodhan | 1.00 | $167.50 | - | $167.50 |
| 04/21/2023 | | DLS Invoice # 414776<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Karissa Jodhan | 1.00 | $181.03 | - | $181.03 |
| 04/21/2023 | | DLS Invoice #414546<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Karissa Jodhan | 1.00 | $170.53 | - | $170.53 |
| 03/08/2023 | | NEW YORK NORTHERN DISTRICT COURT<br>Filing Fee<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Karissa Jodhan | 1.00 | $100.00 | - | $100.00 |
| 02/28/2023 | | NEW YORK NORTHERN DISTRICT COURT Filing Fee<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Karissa Jodhan | 1.00 | $402.00 | - | $402.00 |
| | | | | | | | **$0.00**<br>0.00h | **$1,697.24**<br>0.00h |

# Exhibit 3
# Time Records

# Activities Export

09/29/2023
7:46 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 09/15/2023 | 🕐 | Draft/revise: Drafting settlement approval motion<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Nicholas Bittner | 3.00h | $250.00 | - | $750.00 |
| 09/01/2023 | 🕐 | Reviewed settlement agreement; email with opposing counsel re settlement agreement and cheeks letter; slack with N Bittner re same.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 0.30h | $450.00 | - | $135.00 |
| 08/16/2023 | 🕐 | email with opposing counsel; reviewed and revised settlement agreement; communication with N Bittner re same.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 1.10h | $450.00 | - | $495.00 |
| 08/11/2023 | 🕐 | File court documents: Letter to judge re settlement filed<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Antero Barrantes | 0.08h | $100.00 | - | $8.00 |
| 06/21/2023 | 🕐 | damages calculation.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 2.50h | $450.00 | - | $1,125.00 |
| 06/16/2023 | 🕐 | Damages calculations<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 1.00h | $450.00 | - | $450.00 |
| 06/15/2023 | 🕐 | Damages calcluations<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 1.00h | $450.00 | - | $450.00 |
| | | | | | **40.66h**<br>0.00h | | **$0.00** | **$13,238.00**<br>40.66h |

# Activities Export

09/29/2023
7:46 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 06/12/2023 | 🕐 | damages calculations<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 2.00h | $450.00 | - | $900.00 |
| 06/05/2023 | 🕐 | Attended initial conference; reviewed contract provided by opposing counsel; reviewed paystubs re calculating demand; email with client.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 1.00h | $450.00 | - | $450.00 |
| 05/26/2023 | 🕐 | Reviewed confidentiality stipulation; reviewed paystubs produced by counsel; email with opposing counsel.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 0.80h | $450.00 | - | $360.00 |
| 05/26/2023 | 🕐 | File court documents: Prepare and refiled Case Management Plan<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Antero Barrantes | 0.23h | $100.00 | - | $23.00 |
| 05/23/2023 | 🕐 | File court documents: Filed civil case management plan<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Intern Account | 0.17h | $0.00 | - | $0.00 |
| 04/24/2023 | 🕐 | Conducted research on definition of public entity and privity issues; email with opposing counsel re the same.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 2.10h | $450.00 | - | $945.00 |
| 04/23/2023 | 🕐 | Conducted research on definition of public entity and privity issues; | Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 3.00h | $450.00 | - | $1,350.00 |
| | | | | | **40.66h**<br>0.00h | | **$0.00** | **$13,238.00**<br>40.66h |

# Activities Export

09/29/2023
7:46 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | Stearns, Christian v. RECONN Utility Services | | | | | |
| 04/21/2023 | 🕐 | Conducted research on definition of public works and public utilities; slack with NB re same; telephone conference with opposing counsel re anticipated motion to dismiss.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 2.00h | $450.00 | - | $900.00 |
| 04/19/2023 | 🕐 | Conducted legal research on national grid liability; reviewed safe dig nyc regulations and materials on public works projects involving safe dig projects; conduct research on other safe dig prevailling wage cases.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 2.30h | $450.00 | - | $1,035.00 |
| 03/22/2023 | 🕐 | File court documents: Filed first amended complaint with the court<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Intern Account | 0.17h | $0.00 | - | $0.00 |
| 03/20/2023 | 🕐 | File court documents: Filed affidavit of service for National Grid Electric Service<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Intern Account | 0.09h | $0.00 | - | $0.00 |
| 03/15/2023 | 🕐 | File court documents: Filed the affidavit of service for RECONN Holdings.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Intern Account | 0.25h | $0.00 | - | $0.00 |
| 03/01/2023 | 🕐 | File court documents: Filled out the cover sheet and summons with the | Stearns, Christian v. RECONN Utility Services | Intern Account | 2.75h | $0.00 | - | $0.00 |
| | | | | | **40.66h**<br>0.00h | | **$0.00** | **$13,238.00**<br>40.66h |

# Activities Export

09/29/2023
7:46 AM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | attached rider. Filed the complaint, cover sheet, and summons with the NYND court.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services | | | | | |
| 02/16/2023 | 🕐 | Conference with Nick Bittner re venue; research re same; slack communication with Brendan Sweeney and Nick Bittner re same.<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Christopher Q Davis | 0.80h | $450.00 | - | $360.00 |
| 02/15/2023 | 🕐 | Draft/revise: Drafting complaint<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Nicholas Bittner | 7.00h | $250.00 | - | $1,750.00 |
| 02/13/2023 | 🕐 | Draft/revise: Drafting complaint<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Nicholas Bittner | 7.00h | $250.00 | - | $1,750.00 |
| 01/09/2023 | 🕐 | Communicate (with client): Provided client with update regarding drafting of complaint<br>● Unbilled | Stearns, Christian v. RECONN Utility Services<br>Stearns, Christian v. RECONN Utility Services | Antero Barrantes | 0.02h | $100.00 | - | $2.00 |
| | | | | | **40.66h**<br>0.00h | | **$0.00** | **$13,238.00**<br>40.66h |